ORIGINAL

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION
CASE NO. _____

| | |
|---|---|
| DOCTORS HOSPITAL OF AUGUSTA, INC., ) <br> as Assignee of JOHN E. WELDON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN ALDEN LIFE INSURANCE COMPANY, ) <br> a Minnesota Insurance Corporation Registered to ) <br> do business in Georgia, ) <br> ) <br> Defendant. ) | **Civil Action** <br> **No.:** _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. PARTIES

1. Plaintiff, Doctors Hospital of Augusta, Inc., ("Doctors Hospital") is a corporation that is incorporated under the laws of the State of Delaware, with its principle place of business in Augusta, Richmond County, Georgia, where it operates a hospital generally known as "Doctors Hospital." Doctors Hospital maintains and operates a burn treatment unit providing specialized care and treatment of catastrophic burns. As is set forth below, Plaintiff brings this suit as the assignee of John E. Weldon, a patient of Plaintiff.

2. Defendant John Alden Life Insurance Company is a corporation that is incorporated under the laws of the State of Minnesota. Defendant John Alden Life Insurance Company is registered to do business in the state of Georgia with the Georgia

Secretary of State, and has designated as its Registered Agent for service of process: The Prentice Hall Corp. System, 4845 Jimmy Carter Blvd., Norcross, Georgia 30093.

## B. JURISDICTION

3. This is an ERISA benefit claims case. Jurisdiction and venue are proper in this case under 29 U.S.C. §1132(e)(2).

## C. FACTS

4. Augusta Miyabi, Inc., is a Georgia Corporation that operates a restaurant in Richmond County, Georgia. Augusta Miyabi, Inc., provides group health insurance to its employees pursuant to a group health insurance policy underwritten by the Defendant John Alden Life Insurance Company, as group policy number 106373-000000005-100.

5. On all dates relevant hereto, John E. Weldon was an employee of Augusta Miyabi, Inc., and was covered and eligible for benefits under the above-described group health insurance policy underwritten by Defendant John Alden Life Insurance Company.

6. On or about March 5, 2002, while employed by Augusta Miyabi, Inc., and eligible for group health insurance benefits under the above-described policy, John E. Weldon suffered significant burn injuries.

7. On March 5, 2002, John E. Weldon was admitted as a patient to Plaintiff's hospital, where he was hospitalized and received treatment for his burn injuries. Mr. Weldon remained an inpatient in the burn unit of Doctors Hospital from March 5, 2002, until May 6, 2002.

8. The burn injuries of John E. Weldon for which treatment was provided by Doctors Hospital included burns to Mr. Weldon's head and face as well as his left hand

and fingers. The burn injuries also included a significant inhalation injury which resulted in substantial respiratory complications during Mr. Weldon's hospitalization.

9. Treatment of Mr. Weldon's burn injuries required two surgical procedures for debridement of the burn injuries and application of skin grafts. In addition, due to the inhalation injuries a surgical tracheostomy was required to provide mechanical breathing support for Mr. Weldon.

10. During the course of Mr. Weldon's hospitalization he developed a number of serious medical complications that prolonged his hospitalization. These complications included pneumonia, acute respiratory failure, adult respiratory distress syndrome, anemia, and a seizure.

11. Total billed charges of Doctors Hospital for the catastrophic, inpatient burn care and treatment provided to John E. Weldon amounted to Seven Hundred Seventy Nine Thousand, Three Hundred Forty Two dollars and 35/100 ($779,342.35).

12. John E. Weldon has, by written assignment, assigned his rights, benefits and remedies for health insurance benefits under the John Alden Life Insurance Company group health insurance policy to Plaintiff, Doctors Hospital.

13. On May 13, 2002, following the May 6, 2002, discharge of Mr. Weldon from the burn unit at Doctors Hospital, Doctors Hospital mailed its billing and claim to John Alden for processing and payment.

14. On May 7, 2002, prior to the billing of this claim, a representative of John Alden Life Insurance Company, Jack Rogers, contacted Doctors Hospital in an attempt to negotiate a prompt pay discount to the hospital's billed charges. These efforts proved unsuccessful.

15. On May 21, 2002, following Mr. Weldon's discharge, John Alden Life Insurance Company issued to Doctor's Hospital their pre-certification authorization numbered 021158364 with respect to Mr. Weldon's inpatient hospitalization.

16. On May 28, 2002, three weeks following the unsuccessful effort to negotiate payment of the claim, the same John Alden representative informed the hospital that payment of the claim was awaiting completion of the fire department investigation with respect to the cause and origin of the fire that injured Mr. Weldon. The John Alden representative also indicated during this conversation that John Alden's policy obligations were to pay 200% of the Medicare rate and payment of the claim would be just over $350,000.00.

17. On June 20, 2002, the same representative of John Alden Insurance Company phoned Doctors Hospital to request the medical records of Mr. Weldon. This was the first request for medical records made by any representative from John Alden Insurance Company.

18. On July 10, 2002, the same representative from John Alden Insurance Company informed Doctors Hospital representatives that he had yet to receive the information needed to process and pay the claim.

19. On July 30, 2002, Jack Rogers, the representative from John Alden Insurance Company, spoke with a representative from Doctors Hospital and informed him that the claim for Mr. Weldon was going to be denied due to an exclusion in the patient's policy. The John Alden Representative did not specify what the exclusion was, but indicated that an explanation of benefits would be sent to the patient and to the facility on that day or later that week.

20. On July 29, 2002, John Alden Life Insurance Company issued an Explanation of Benefits that was mailed to Doctors Hospital. The Explanation of Benefits indicated that Mr. Weldon's claim for medical benefits was being denied because "[C]harges for self-inflicted injuries are not covered by the patient's plan." A copy of this Explanation of Benefits is attached to this Complaint as Exhibit "A".

21. By letter dated August 21, 2002, to Plaintiff's counsel, Defendant John Alden Life Insurance Company denied the claim for benefits for the inpatient hospital treatment provided to John E. Weldon at Doctors Hospital. This letter again reflected that the denial resulted from an exclusion in the patient's plan that provided: "We will not cover charges for treatment due to intentional, self-inflicted injury or attempted self-destruction, committed while sane or insane." A copy of this August 21, 2002, letter is attached to this Complaint as Exhibit "B".

22. By letter dated August 28, 2002, counsel for Plaintiff requested of Defendant John Alden Life Insurance Company any information pertaining to rights or procedures of appeal of the denial of the claim and for copies of the trust agreement, contract, summary plan description or other documents under ERISA Section 104(b)(4). Defendant John Alden Life Insurance Company failed to respond to the August 28, 2002, letter until November 12th when, after being informed that a complaint was being prepared, John Alden faxed to counsel for the Plaintiff a copy of Mr. Weldon's certificate of insurance.

23. By letter dated November 13, 2002, counsel for Plaintiff wrote to Defendant John Alden Life Insurance Company to inform the Defendant that its August 21, 2002, letter purporting to deny coverage was non-conforming and invalid under 29

U.S.C.A. § 1133 and 29 C.F.R. § 2560.503-1. In this letter Plaintiff requested a conforming denial notice.

24. By letter dated December 3, 2002, counsel for Plaintiff wrote to Defendant John Alden Life Insurance Company to request all "relevant" documents under 29 C.F.R. § 2560.503-1(h)(2)(iii) and § 2560.503-1(m)(8).

25. By letter dated December 11, 2002, Defendant John Alden Life Insurance Company denied the request for records made by Plaintiff.

26. By letter dated January 14, 2003, Defendant John Alden Life Insurance Company, withdrew their previous attempted denial by stating that "at this time no appeal is necessary" and that they were seeking additional information and tests before they would determine whether Mr. Weldon's claim would be paid.

27. In the January 14, 2003, letter Defendant John Alden Life Insurance Company reversed its position of its previous denial of Plaintiff's request for records under 29 C.F.R. § 2560.503-1(h)(2)(iii) and § 2560.503-1(m)(8). However, Defendant continues to violate these provisions in that it is withholding certain documents mentioned in the January 14, 2003, letter, claiming these documents are privileged. Defendant has not stated any legal basis for this claim of privilege.

## D. CLAIMS FOR RELIEF

28. Plaintiff, as assignee of John E. Weldon, brings this claim against Defendant John Alden Life Insurance Company for relief under 29 U.S.C.A. §1132 to recover benefits due under the terms of the group health insurance plan established by Augusta Miyabi, Inc., for the benefit of John E. Weldon. The benefits sought relate to the payment by the Defendant of the charges incurred by Mr. Weldon for his inpatient

hospitalization at Doctors Hospital. Defendant John Alden Life Insurance Company's failure to pay the benefits is a breach of the group health insurance policy plan for which Plaintiff seeks damages and recovery in this court in this action.

29. Plaintiff, as assignee of John E. Weldon, also requests the court to fine the Defendant under 29 U.S.C.A. §1132(c)(1) for Defendant's failure to timely comply with Plaintiff's request for information under ERISA Section 104(b)(4) and 29 C.F.R. § 2560.503-1(h)(2)(iii), including Defendant's failure to timely reply to Plaintiff's August 28, 2002, letter requesting a copy of the trust agreement, contract, summary plan description or other instruments under which a plan is established or operated and failure to provide information pertaining to the right of a full and fair review of the denial, and Defendant's failure to provide "relevant" documents as defined and required by the C.F.R.

30. Defendant has failed to comply with the time limits for denial notice under 29 C.F.R. §2560.503-1(f). Therefore, under 29 C.F.R. §2560.503-1(l), Plaintiff is deemed to have exhausted all administrative remedies and is entitled to bring this action.

31. The Defendant's handling of Mr. Weldon's claim, all as described above, is in violation of 29 C.F.R. §2560.503-1(f), is arbitrary and capricious and fails to establish and follow reasonable claims procedures as required by ERISA and the C.F.R..

32. Plaintiff requests an award of attorney's fees be granted to them, against Defendant John Alden Life Insurance Company, under 29 U.S.C.A. §1132(g)(1) for Defendant's violations of ERISA as set forth above.

## E. PRAYER

33. For these reasons, Plaintiff asks for judgment against Defendant for the following:

   (a) Actual damages of $779,342.35 as benefits under the group health insurance policy.

   (b) For pre-judgment and post-judgment interest.

   (c) For costs of suit, including attorney's fees.

   (d) For fines and penalties authorized under ERISA for Defendant's violations of ERISA where such fines and penalties are permitted and as requested above.

   (e) For all further relief that this Court deems appropriate.

This _16_ day of _January_, 2003.

_____
N. KENNETH DANIEL
Ga. Bar no. 204250

_____
ROBERT J. LOWE, JR.

Attorneys for Plaintiff
Ga. Bar no. 459883

Of Counsel:
DANIEL & LOWE
2907 Professional Parkway
Augusta, GA  30907
(706) 860-3747

 

# EXPLANATION OF BENEFITS

P O. Box 1599
Boise, ID 83701

July 29 2002

Claims can be submitted electronically through National Electronic Information Corporation - (NEIC), Payor ID #41099. Contact your NEIC representative for further details at 1-800-745-NEIC (6342).
If you have questions, please call John Alden Life Insurance Company at (800) 328-4316.

| Patient | Weldon E John | Acct # | 000537217 | Group # | 106373-000000005-I00 |
|---|---|---|---|---|---|
| Claim # | 021350082499P01S03 | | | | |

| Insured | Weldon E John | Provider | Doctors Hospital Of Augusta |
|---|---|---|---|
| | P O Box 14142 | | Po Box 402949 |
| | Augusta, GA 30919 | | Atlanta, GA 30038-6426 |

EOBBLX

RECEIVED
AUG 06 2002

P.O. Box 1599
Boise, ID 83701

DOCTORS HOSPITAL OF AUGUSTA
PO BOX 402949
ATLANTA, GA 30038-6426



EXHIBIT "A"



# 537217336
Weldon, John

# EXPLANATION OF BENEFITS

P O. Box 1599
Boise, ID 83701

July 29 2002

Claims can be submitted electronically through National Electronic Information Corporation - (NEIC), Payor ID
#41099  Contact your NEIC representative for further details at 1-800-745-NEIC (6342).
If you have questions, please call John Alden Life Insurance Company at (800) 328-4316.

| Patient | Weldon E John | Acct # | 000537217 | Group # | 106373-000000005-I00 |
|---|---|---|---|---|---|
| Claim # | 021350081899P01S03 | | | | |

| Insured | Weldon E John | Provider | Doctors Hospital Of Augusta |
|---|---|---|---|
| | P O. Box 14142 | | Po Box 402949 |
| | Augusta, GA 30919 | | Atlanta, GA 30038-6426 |

| Description of Service | Service Date | Amount Charged | Not Covered | Amount Paid | Notes |
|---|---|---|---|---|---|
| RV410 Medical Srv | 03/05-05/06/02 | 60681 71 | 60681 71 | 0 00 | a |
| RV420 Medical Srv | 03/05-05/06/02 | 4039 44 | 4039 44 | 0 00 | a |
| RV424 Medical Srv | 03/05-05/06/02 | 89 62 | 89 62 | 0 00 | a |
| RV430 Medical Srv | 03/05-05/06/02 | 2593 04 | 2593 04 | 0 00 | a |
| RV434 Medical Srv | 03/05-05/06/02 | 89 82 | 89 82 | 0 00 | a |
| RV440 Medical Srv | 03/05-05/06/02 | 176 74 | 176 74 | 0 00 | a |
| RV444 Medical Srv | 03/05-05/06/02 | 192 64 | 192 64 | 0 00 | a |
| RV450 Medical Srv | 03/05-05/06/02 | 655 20 | 655 20 | 0 00 | a |
| RV450 Medical Srv | 03/05-05/06/02 | 248 98 | 248 98 | 0 00 | a |
| RV636 Medical Srv | 03/05-05/06/02 | 74531 05 | 74531 05 | 0 00 | a |
| RV730 Medical Srv | 03/05-05/06/02 | 435 70 | 435 70 | 0 00 | a |
| RV740 Medical Srv | 03/05-05/06/02 | 634 75 | 634 75 | 0 00 | a |
| RV750 Medical Srv | 03/05-05/06/02 | 1834 56 | 1834 56 | 0 00 | a |
| RV921 Medical Srv | 03/05-05/06/02 | 3669 12 | 3669.12 | 0 00 | a |
| Totals | | 149872 17 | 149872 17 | 0 00 | |

Amount Charged/  149872 17   a)  Charges for self inflicted injuries are not covered by the patient's plan

Patient Responsibility
Not Covered          149872 17
Total                149872.17

P.O. Box 1599
Boise, ID 83701

RECEIVED
AUG 0 6 2002

DOCTORS HOSPITAL OF AUGUSTA
PO BOX 402949
ATLANTA, GA 30038-6426



July 29 2002

| | |
|---|---|
| **Insured** | Weldon E John |
| **Patient** | Weldon E John |
| **Group #** | 106373-000000005-I00 |
| **Provider** | Doctors Hospital Of Augusta |

| Description of Service | Service Date | Amount Charged | Not Covered | Amount Paid | Notes |
|---|---|---|---|---|---|
| RV207 Medical Srv | 03/05-05/06/02 | 89590.00 | 89590.00 | 0.00 | a |
| RV207 Medical Srv | 03/05-05/06/02 | 80920.00 | 80920.00 | 0.00 | a |
| RV207 Medical Srv | 03/05-05/06/02 | 2610.00 | 2610.00 | 0.00 | a |
| RV250 Medical Srv | 03/05-05/06/02 | 68108.52 | 68108.52 | 0.00 | a |
| RV250 Medical Srv | 03/05-05/06/02 | 68108.52 | 68108.52 | 0.00 | a |
| RV250 Medical Srv | 03/05-05/06/02 | 68108.52 | 68108.52 | 0.00 | a |
| RV258 Medical Srv | 03/06-05/06/02 | 27531.82 | 27531.82 | 0.00 | a |
| RV259 Medical Srv | 03/05-05/06/02 | 7269.72 | 7269.72 | 0.00 | a |
| RV270 Medical Srv | 03/05-05/06/02 | 52007.72 | 52007.72 | 0.00 | a |
| RV272 Medical Srv | 03/05-05/06/02 | 5276.89 | 5276.89 | 0.00 | a |
| RV274 Medical Srv | 03/05-05/06/02 | 485.86 | 485.86 | 0.00 | a |
| RV301 Medical Srv | 03/05-05/06/02 | 52204.25 | 52204.25 | 0.00 | a |
| RV301 Medical Srv | 03/05-05/06/02 | 52204.26 | 52204.26 | 0.00 | a |
| RV302 Medical Srv | 03/06-05/06/02 | 2457.33 | 2457.33 | 0.00 | a |
| RV305 Medical Srv | 03/05-05/06/02 | 20977.80 | 20977.80 | 0.00 | a |
| RV306 Medical Srv | 03/05-05/06/02 | 3650.86 | 3650.86 | 0.00 | a |
| RV307 Medical Srv | 03/05-05/06/02 | 77.40 | 77.40 | 0.00 | a |
| RV320 Medical Srv | 03/05-05/06/02 | 12622.16 | 12622.16 | 0.00 | a |
| RV341 Medical Srv | 03/05-05/06/02 | 903.45 | 903.45 | 0.00 | a |
| RV351 Medical Srv | 03/05-05/06/02 | 1575.66 | 1575.66 | 0.00 | a |
| RV360 Medical Srv | 03/05-05/06/02 | 9459.45 | 9459.45 | 0.00 | a |
| RV361 Medical Srv | 03/05-05/06/02 | 1375.92 | 1375.92 | 0.00 | a |
| RV351 Medical Srv | 03/05-05/06/02 | 160.97 | 160.97 | 0.00 | a |
| RV380 Medical Srv | 03/05-05/06/02 | 1386.00 | 1386.00 | 0.00 | a |
| RV402 Medical Srv | 03/05-05/06/02 | 397.30 | 397.30 | 0.00 | a |
| Totals | | 629470.18 | 629470.18 | 0.00 | |

RECEIVED
AUG 0 6 2002



August 21, 2002

N. Kenneth Daniel
Attorney at Law
PO Box 211790
Augusta, GA 30917

Regarding:         John Weldon
Group Cert. No.:   106373-5-I00

Dear Mr. Daniel:

We are in receipt of your request to review the services provided to the above patient at Doctors Hospital of Augusta from March 5, 2002 through May 6, 2002.

Mr. Weldon's group certificate states under **General Medical Charges**:

> *"We will not cover charges for treatment due to intentional, self-inflicted injury or attempted self-destruction, committed while sane or insane."*

A review of the patient's medical records obtained by our office indicates the medical treatment provided on March 5, 2002 falls under the above certificate exclusion. Therefore, all medical treatment related to this patient's admission is not eligible for coverage under the terms of Mr. Weldon's plan.

Based on the medical documentation reviewed and the terms of Mr. Weldon's group certificate, we are unable to provide coverage for the treatment provided at Doctors Hospital of Augusta from March 5, 2002 through May 6, 2002. If you have any further questions regarding this determination, please contact our office.

Sincerely,

*Karla Hanson*

Karla Hanson
Group Claims Department
John Alden Life Insurance Company





1005 Main Street  Boise, Idaho  83702
MAILING ADDRESS:  P.O. Box 1599  Boise, ID  83701-1599  Telephone  (800) 328-4316